UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTONIO LAY,

        Petitioner,               Case No. 1:18-cv-666

v.                                          Honorable Janet T. Neff

MELINDA BRAMAN,

        Respondent.
_____/

## OPINION AND ORDER

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), (ECF No. 17), recommending that the Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. (ECF No. 18.)

The petition presented eight issues for review, and the objections challenge the Magistrate Judge's analysis of all of them. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* those portions of the Report and Recommendation to which Petitioner objected. The Court denies the objections and issues this opinion and order. The Court will also issue a judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

## Discussion

Petitioner Antonio Lay is incarcerated with the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. In 2015, a jury of the Kent County Circuit Court convicted Petitioner of: assault with

intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; assault with intent to rob while armed, Mich. Comp. Laws § 750.89; possession of firearms by a felon, Mich. Comp. Laws § 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b.  On October 22, 2015, the trial court sentenced Petitioner as a habitual offender to concurrent term of imprisonment of 8 to 20 years for assault with intent to do great bodily harm, 35 to 90 years for assault with intent to rob, and 4 to 10 years for being a felon in possession of a firearm.  The court ordered Petitioner to serve those sentences consecutively to a sentence of two years for the felony-firearm conviction.

Petitioner appealed the judgment to the Michigan Court of Appeals and the Michigan Supreme Court.  Those courts affirmed the judgment and/or denied leave to appeal on August 1, 2017, and May 1, 2018, respectively.  The Michigan Court of Appeals set forth the essential facts of the case as follows:

> Late in the evening on November 7, 2014, the victim went to Gardella's bar in downtown Grand Rapids.  While there, the victim approached a man, later identified as Tavis Miller, and asked him if he had any cocaine to sell.  Miller asked defendant, who said that he did have some in a car.
>
> The victim left Gardella's with Miller and defendant, and they walked over to the car in question.  When they got to the car, the victim sat in the backseat, Miller sat in the front passenger seat, and defendant sat in the driver's seat.  The victim started counting his money.  Defendant asked Miller to open the glovebox and get him "the stuff."  Miller opened the glovebox and saw a gun inside.  Miller "froze" when he saw the gun.  Defendant reached over to the glovebox and grabbed the gun.  Defendant pointed the gun at the victim's face and demanded that the victim hand over his money.  The victim opened the car door to escape, and defendant shot him.  Defendant then drove off.  The victim was able to identify Miller.  After police arrested Miller, he identified defendant.

(Mich. Ct. App. Op., ECF No. 10-11, PageID.367.)

Petitioner asserts the following grounds for relief in this action:

I. Evidence of a prior felonious assault by the Petitioner was more prejudicial than probative and thus was the Petitioner denied his constitutional right to a fair trial.

2

    II.        The testimony of Officer Timothy DeVries concerning the location of Petitioner's cell phone was inadmissible under MRE 702 and the Petitioner as a result was denied his constitutional right to a fair trial.

    III.       The trial court erred in failing to include among the jury instructions the standard undisputed accomplice instruction.

    IV.       The Petitioner was denied his state and federal constitutional right to the effective assistance of counsel because trial counsel failed to request the standard undisputed accomplice instructions and failed to object to the cell phone tracking testimony of Officer Timothy DeVries.

    V.        Where the prosecution's case relied solely on witness testimony, trial counsel's wholesale failure to subject the prosecution's case to meaningful adversarial testing by failing to conduct any pretrial investigative interviews of any of the prosecution's witness[es] constructively deprived Petitioner of his Sixth Amendment right to counsel.

    VI.       Reversal is required where the trial court instructed the jury that they could "find the Petitioner guilty" once they decided "the prosecutor has proven each element of those crimes," because this instruction did not convey to the jury that the prosecutor had to prove each element of the crimes beyond a reasonable doubt.

    VII.      Petitioner was deprived of the right to the effective assistance of counsel when counsel failed to move to exclude a surprise adversarial witness, Steve Schable, who should have been barred from testifying because he was never endorsed on the prosecution's witness list as a witness intended to be called at trial and regarding whom no motion for leave to add additional witness was ever made or granted, with the resultant prejudice that counsel did not have an opportunity to investigate and interview this witness and was wholly ill-equipped to effectively and meaningfully challenge the witness's damaging testimony.

    VIII.     Where identity of the perpe[]trator was an essential element and a question of fact for the jury to determine, the trial court judge invaded the province of the jury and pierced the veil of judicial impartiality by ordering record confirmation of prosecution witnesses' in-court identification when it is strictly up to the jury to determine who was pointed to and who was identified.

(Pet., ECF No. 1, PageID.10-11.)[1]

---

[1] Petitioner's present incarceration is not premised solely on his convictions in the Kent County Circuit Court. Almost immediately after Petitioner was sentenced as described above, he was tried in the Genesee County Circuit Court on charges of first-degree home invasion, armed robbery, felon-in-possession of a firearm, and felony-firearm. He was found guilty and sentenced. He is serving the consecutive string of sentences from that proceeding concurrently with

I.      404(b) evidence (habeas ground I)

Petitioner argued that it was unduly prejudicial for the trial court to admit testimony from his girlfriend's mother regarding an incident where Petitioner hit her with a black handgun. The witness testified that a handgun that was introduced into evidence as the weapon used to shoot the victim looked like the gun Petitioner had used to hit her.  Petitioner argued that the evidence was too prejudicial to be admitted under Michigan Rule of Evidence 404(b).  The Michigan Court of Appeal rejected the claim, not simply because the evidence was admissible under Rule 404(b), but because the evidence was admissible under Rule 401 directly relevant to Petitioner's guilt because it was of consequence to determining whether Petitioner possessed the handgun used to shoot the victim.

The Magistrate Judge determined that whether or not the evidence was admissible under the Michigan Rules of Evidence was an issue not cognizable on habeas review.  The Magistrate Judge explained that, for the admission of evidence to rise to the level of a due process violation cognizable on habeas review, Petitioner would have to show that the state court's admission of the evidence was in conflict with a decision of the Supreme Court establishing a due process violation based upon the admission of the specific kind of evidence at issue.

---

his consecutive string of sentences from the Kent County Circuit Court proceeding.  *See* https://mdocweb. state.mi.us/otis2/otis2profile.aspx?mdocNumber=449238 (visited Sept. 7, 2021).

Petitioner pursued the appeals from both judgments in parallel.  In both appeals, Petitioner substituted out his original appointed appellate counsel for retained counsel.  In both appeals, Petitioner retained the same new appellate counsel. In both cases, new appellate counsel filed a supplemental brief.  And in both cases, new appellate counsel raised the issues he raises here as habeas grounds V, VI, VII, and VIII.

Petitioner filed his habeas corpus petitions in both cases in the United States District Court for the Eastern District of Michigan at the same time.  That court transferred the petition relating to the Kent County Circuit Court judgment here, where venue was proper.  The petition challenging the Genesee County Circuit Court judgment remained in the Eastern District, because venue was proper in that court.  The Eastern District court denied the Genesee County habeas petition by opinion and judgment entered February 27, 2020.  *Lay v. Skipper*, No. 2:28-cv-11788 (E.D. Mich. Feb. 27, 2020).  Because Petitioner raised several of the exact same issues in both courts, the Eastern District court's resolution of those issues is particularly instructive.

Petitioner objects to the Magistrate Judge's determination because there are Supreme Court decisions relating to Rule 404(b) evidence and "a plethora of cases, both state and federal, where relief has been granted for the erroneous admission of such evidence." (Pet'r's Obj., ECF No. 18, PageID.828.) Petitioner's objection does not address the standard identified by the Magistrate Judge. Petitioner must show that there is Supreme Court authority concluding that the admission of 404(b) evidence violates the Due Process Clause. Authority from other courts does not suffice. Authority from the Supreme Court considering admissibility under the Federal Rules of Evidence is not enough. Moreover, Petitioner's initial argument, and his objection, completely miss the point that the court of appeals concluded such evidence was admissible under Rule 401 because it was directly relevant to facts at issue in Petitioner's prosecution. Petitioner offers no authority, much less clearly established federal law, to show that the admission of relevant evidence violates the federal constitution simply because that evidence is prejudicial. Petitioner's objection is overruled.

## II.     Expert qualification (habeas grounds II and IV)

Detective DeVries was qualified as an expert in forensic cellular telephone analysis and testified regarding the location of Petitioner's cellular telephone based on its use near the time of the crime. The Michigan Court of Appeals upheld the admission of Detective DeVries's expert testimony under Michigan Court Rule 702. The Magistrate Judge concluded that Petitioner's habeas claim challenging the admission of Detective DeVries's expert testimony was procedurally defaulted because Petitioner failed to object to the detective's qualifications and that the claim lacked merit. Petitioner objects to the Magistrate Judge's resolution of the claim on both grounds.

Petitioner claims that he established cause for the failure to object when he argued that counsel rendered ineffective assistance for failing to object to the detective's qualifications. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test

5

by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687. The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The Michigan Court of Appeals determined that Detective DeVries was qualified under Rule 702. That conclusion binds this Court. As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id*. at 67–68. The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). The court of appeals' determination that the trial court properly admitted Detective DeVries's testimony under Rule 702 is, therefore, axiomatically correct on habeas review.

Because the trial court acted properly in admitting the expert testimony, the proposed objection would have been meritless. "Omitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013). Accordingly, any claim that counsel rendered ineffective assistance because he did not object, as

6

urged by Petitioner, fails and Petitioner has failed to establish cause for his procedural default. Thus, habeas review of the issue is barred.

The result would be no different if the Court addressed the issue on the merits. Resolution of the issue follows the same analytical path as the Court's resolution of Petitioner's Rule 404(b) argument. Whether the state court complied with Michigan Rule of Evidence 702 is purely a state issue not cognizable on habeas review. Although it is conceptually possible that the admission of evidence, either consistent with or contrary to Rule 702, might run afoul of due process, Petitioner can only prevail if he can point to Supreme Court authority establishing that admission (or exclusion) of the specific type of evidence at issue implicates due process. Petitioner points to Supreme Court and lower court authority regarding application of Federal Rule of Evidence 702, but he does not identify any clearly established federal law holding that the opinion of an "unqualified" expert violates due process. Accordingly, the Court overrules Petitioner's objection regarding the merits of this issue as well.

### III. Accomplice jury instruction (habeas grounds III and IV)

Petitioner next complains that the trial court did not use a model Michigan criminal jury instruction to advise the jury to consider Tavis Miller's testimony with some skepticism because, according to Petitioner, Miller was an accomplice. The standard jury instruction reads as follows:

> (1)    You should examine an accomplice's testimony closely and be very careful about accepting it.
>
> (2)    You may think about whether the accomplice's testimony is supported by other evidence, because then it may be more reliable. However, there is nothing wrong with the prosecutor's using an accomplice as a witness. You may convict the defendant based only on an accomplice's testimony if you believe the testimony and it proves the defendant's guilt beyond a reasonable doubt.
>
> (3)    When you decide whether you believe an accomplice, consider the following:

>   (a)     Was the accomplice's testimony falsely slanted to make the defendant seem guilty because of the accomplice's own interests, biases, or for some other reason?
>
>   (b)     Has the accomplice been offered a reward or been promised anything that might lead [him / her] to give false testimony? [State what the evidence has shown. Enumerate or define reward.]
>
>   (c)     Has the accomplice been promised that [he / she] will not be prosecuted, or promised a lighter sentence or allowed to plead guilty to a less serious charge? If so, could this have influenced [his / her] testimony?
>
>   [(d)    Does the accomplice have a criminal record?]
>
> (4)   In general, you should consider an accomplice's testimony more cautiously than you would that of an ordinary witness. You should be sure you have examined it closely before you base a conviction on it.

(ECF No. 10-11, PageID.371–372.)

Neither party requested the instruction. Although the court did not read the accomplice instruction, it did caution the jurors about Miller's testimony:

> You have heard testimony from a witness, Tavis Miller. That witness made [] an agreement with the prosecutor about charges against him in exchange for his testimony at this trial. You are to consider this evidence only as it relates to his credibility, as it may tend to show the witness' bias or self-interest.

(Trial Tr. IV, ECF No. 10-8, PageID.346.) The Michigan Court Rules require the court to read a model instruction if it is pertinent and it is requested by a party. Mich. Ct. R. 2.512(D)(2). But where a defendant fails to request an instruction, the failure of the court to read that instruction is not a ground to set aside the verdict. Mich. Comp. Laws § 768.29. The court of appeals concluded it was not error under state law for the trial court to not read the accomplice instruction. The court of appeals' determination that the instruction was not required by state law is binding on this Court. *See Wainwright*, 464 U.S. at 84; *Bradshaw*, 546 U.S. at 76. Of course, whether or not the instruction was required under state law presents an issue that is not cognizable on habeas review.

Petitioner contends that the accomplice instruction issue is properly before the Court on habeas review for two reasons: first, failure to read the accomplice instruction violated Petitioner's due process right to a fair trial; and second, counsel rendered ineffective assistance because he failed to request the accomplice instruction. The court of appeals opinion addresses those issues as well.

To establish a due process violation based on instructional error, Petitioner must show that the error infected the entire trial with unfairness. *Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (erroneous jury instructions may not serve as the basis for habeas relief unless they have so infused the trial with unfairness as to deny due process of law). To assess the extent of the "infection," courts have looked to how the instruction may have impacted fundamental rights, such as: the prosecution's burden to prove guilt beyond a reasonable doubt, see e.g., *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977) (court considered whether failure to read an instruction regarding a particular element relieved the prosecutor of the burden of proof), and *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000) (same); the presumption of innocence, *see, e.g., Cupp v. Naughten*, 414 U.S. 141, 147–148 (1973) (court considered whether an instruction regarding a presumption of truthfulness shifted the burden of proof to the defendant and destroyed the presumption of innocence); or notice of the charges, *see, e.g., Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (court considered whether lesser-included offense instructions or aider and abettor instructions interfered with the defendant's right to notice). No such fundamental rights were at issue here. Indeed, the Sixth Circuit has determined that "neither the United States Supreme Court nor [the Sixth Circuit Court of Appeals] has 'requir[ed] accomplice instructions as a general matter.'" *Young v. Trombley*, 435 F. App'x 499, 503 (6th Cir. 2011) (quoting *Scott v. Mitchell*, 209 F.3d 854, 883 (6th Cir. 2000)).

The appellate court determined that Miller's status as an accomplice and the credibility problems attendant to that status were made known to the jury through cross-examination and recross-examination. The court of appeals concluded the absence of the instruction, if there was error, did not affect the fairness of the proceedings because the jury was made aware of the relevant facts and the trial court's instruction invited the jury to carefully evaluate Miller's credibility in light of the benefits he received from his plea bargain.

The court of appeals' analysis is well-grounded in the record. The jury was appropriately instructed with regard to the jurors' general obligation to assess the credibility of witnesses and they were informed of specific reasons to call into question Miller's credibility by the trial court and defense counsel. Moreover, Petitioner has failed to identify any clearly established federal law that constitutionally requires reading of an accomplice instruction such as Michigan model instruction. Accordingly, Petitioner has failed to show that the court of appeals resolution of this claim is contrary to, or an unreasonable application of clearly established federal law. Petitioner's objection with regard to the Magistrate Judge's resolution on this issue is rejected.

Petitioner additionally contends that his counsel rendered ineffective assistance for failing to request the instruction or object to its absence. The court of appeals concluded those "failures" did not fall below an objective standard of reasonable performance nor were they prejudicial. Whether or not counsel should have requested the instruction, for the reasons stated above, the court of appeals' determination that a different result would not have been probable finds ample support in the record. Petitioner suggests that the instruction might have turned the tide in his favor. Perhaps Petitioner is correct, but in light of all the testimony, argument, and other instructions regarding credibility, Petitioner has not, and cannot, show that a different result would

have been probable if his counsel had requested the accomplice instruction. Accordingly, Petitioner's objection to the Magistrate Judge's resolution of this ineffective assistance claim is denied.

### IV. Counsel's failure to interview witnesses (habeas ground V)

Petitioner provides a wealth of case authority that where defense counsel has failed to investigate his or her client's case and does not bother to interview witnesses or otherwise prepare for trial, that counsel has rendered ineffective assistance. Indeed, Petitioner argues that counsel's failure to prepare was so complete that Petitioner was effectively denied counsel such that his conviction must be reversed "without any specific showing of prejudice to defendant . . . ." *United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984). The authority Petitioner cites is compelling; he simply does not provide any factual support for his claims. The court of appeals rejected his claim:

> Defendant asserts that counsel was ineffective by failing to investigate the case and interview witnesses. However, defendant has not provided any evidence to support his assertions.

(Mich. Ct. App. Op., ECF No. 10-11, PageID.375.)

Petitioner, with the assistance of appellate counsel, sought a remand to the trial court for an evidentiary hearing regarding counsel's failures. Appellate counsel also asked the court of appeals to expand the record to include counsel's affidavit and the transcript of a telephone conversation appellate counsel had with trial counsel. Although the court of appeals denied the motion to remand and the motion to expand the record, the affidavit and transcript are available for review, even if they are not part of the trial court record. (Tr., ECF No. 10-11, PageID.537–543; Aff., ECF No. 10-11, PageID.545–546.)

The transcript does not support Petitioner's extreme claim. To the contrary, appellate counsel tried repeatedly to get trial counsel to say he had not interviewed any witnesses,

11

but trial counsel indicated that, though he had declined to interview the police witnesses or the victim, he had tried to interview other witnesses, but only one witness would cooperate.  ***The best evidence in the state court record indicates that counsel interviewed the only witness that would cooperate.***  In light of the documents Petitioner had in hand, his characterization of trial counsel's efforts borders on frivolous.

The court of appeals' determination that there was no record evidence to support this claim is amply supported by the state court record.  The appellate court's further determination that Petitioner had failed to show his counsel was ineffective because he was unprepared is neither contrary to, nor an unreasonable application of, clearly established federal law.  Accordingly, Petitioner's objection to the Magistrate Judge's rejection of this claim is denied.

V.     **Failure to object to a surprise witness (habeas ground VII)**

Petitioner next argues that his counsel should have objected to the testimony of Steven Schabel.  Mr. Schabel was one of the officers present when Petitioner was arrested on November 25, 2014.  He was called to testify regarding Petitioner's location in the car and the location of a .40 caliber handgun in the car.  According to Petitioner, Mr. Schabel was not included in the witness list.  The prosecutor listed another officer who was present at the arrest.  In the appeal briefs, the prosecutor reported, on information and belief, that the other officer was on vacation at the time of the trial and Mr. Schabel was substituted. (Prosecutor's Appeal Br., ECF No. 10-11, PageID.519.)[2]  The fact that an officer involved in the arrest would be called was no

---

[2] Mr. Schabel was also substituted in the Genesee County prosecution.  Because that trial occurred two months after the Kent County trial, Mr. Schabel was probably less of a surprise in that case.  The record in the Genesee County case disclosed that the Genesee County prosecutor used Mr. Schabel instead of another officer because "Schabel was in a better position to testify as to the circumstances of the arrest and search of the vehicle . . . ." *Lay v. Skipper*, No. 2:18-cv-11788 (E.D. Mich.) (Op., ECF No. 11, PageID.1810.)

surprise. The prosecutor specifically sought permission to present the testimony before the trial because it carried some hint of Rule 404(b) significance.

The court of appeals resolved this ineffective assistance claim on the prejudice prong of *Strickland*. The appellate court found that other witnesses, including Tavis Miller, tied Petitioner to the .40 caliber handgun that shot the victim, and Petitioner's girlfriend's mother also linked Petitioner to a handgun that looked like the gun taken from Petitioner when he was arrested on November 25, 2014. Under those circumstances, the court concluded that Petitioner had failed to show that any failure to object was prejudicial. The Magistrate Judge found the appellate court's analysis to be entirely consistent with *Strickland*.

Petitioner objects to the Magistrate Judge's determination because the failure to disclose the witness was "clearly unfair gamesmanship . . . ." (Pet'r's Obj., ECF No. 18, PageID.832.) Petitioner's objection is directed at the first prong of *Strickland*. Neither the Michigan Court of Appeals nor the Magistrate Judge rejected the claim on the first prong. They relied on the second prong. Petitioner raises no objection with regard to the determination of prejudice. Accordingly, his objection is denied.

**VI.     Jury instruction regarding the burden of proof (habeas ground VI)**

Petitioner claims that the trial court failed to instruct the jury that the jurors had to find Petitioner guilty of all elements of the charged offenses beyond a reasonable doubt. This entire argument is founded upon a question the trial judge posed to the jurors during *voir dire*. The court was not instructing the jurors regarding the elements of the offenses or the burden of proof, he was simply asking the jurors whether they might have some objection to making a decision generally. (Trial Tr. I, ECF No. 10-5, PageID.200.) For Petitioner to suggest that this question was the court's instruction regarding the burden of proof is disingenuous at best.

The first day of trial was consumed by pretrial motions and jury selection. The trial court gave preliminary instructions to the jury on the second day of trial. The court gave exactly the instructions Petitioner urges with regard to the presumption of innocence and the prosecutor's burden of proof. (Trial Tr. II, ECF No. 10-6, PageID.228.) The jurors were given a written set of those instructions to use during the trial. (*Id*.) Then, on the fourth day of trial, after closing argument, the court instructed the jurors again. The court again read exactly the instructions that Petitioner contends were required. (Trial Tr. IV, ECF No. 10-8, PageID.346–347.)

Petitioner's argument that the court's question regarding the prospective jurors' ability to decide guilt was intended to convey the requisite burden of proof is frivolous.[3] Moreover, even if there is a remote chance that a prospective juror might have latched on to that question as spelling out the prosecutor's burden of proof, the court's subsequent, specific instructions would have disabused the juror of that notion. The court of appeals reached that conclusion: "[O]ur review of the record reveals that the trial court's later instructions did properly convey to the jury that the prosecutor had to prove each of the elements beyond a reasonable doubt." (Mich. Ct. App. Op., ECF No. 10-11, PageID.376.) That conclusion is unassailable.

The court of appeals also concluded that the issue was procedurally defaulted. Petitioner never objected to the "instruction;" therefore, he waived the issue. (*Id*., PageID.375–376.) The Magistrate concluded that Petitioner had failed to establish cause for the lack of objection, or any resulting prejudice. That conclusion too, is amply supported by the record and entirely consistent with clearly established federal law. Counsel's failure to pose the meritless objection that Petitioner raised in the court of appeals, and now raises in this Court, was neither

---

[3] The Eastern District of Michigan court reached a similar conclusion: "Petitioner's complaint requires an overly constrained interpretation of the record. . . . There is no reasonable probability that the jury understood the burden of proof to be less than constitutionally required." *Lay v. Skipper*, No. 2:18-cv-11788 (E.D. Mich.) (Op., ECF No. 11, PageID.1812–1813.)

professionally unreasonable nor prejudicial.  *Coley*, 706 F.3d at 752.  Petitioner's *pro forma* objection to the Magistrate Judge's determination is denied.

## VII. Trial court's acknowledgment that a witness identified Petitioner (habeas ground VIII)

Finally, Petitioner complains that the trial judge "pierced the veil of impartiality" when he twice acknowledged for the record that the person a particular witness had identified by the color of the person's clothing was Petitioner.[4]  Petitioner does not contend that the trial judge got it wrong, or that some other person was dressed as stated by the witnesses—he simply argues that only the jurors can decide whether the witness meant to describe Petitioner.

The court of appeals rejected the claim because "[n]othing in the court's conduct . . . implicates judicial partiality."  (Mich. Ct. App. Op., ECF No. 10-11, PageID.376.)  The Magistrate Judge concluded that Petitioner had failed to show that the state appellate court's rejection of the claim was contrary to, or an unreasonable application of, clearly established federal law.  The United States District Court for the Eastern District of Michigan reached the same conclusion and stated further that "there is no clearly established federal law as determined by the Supreme Court that supports Lay's argument."  *Lay v. Skipper*, No. 2:18-cv-11788 (E.D. Mich.) (Op., ECF No. 11, PageID.1811.)  "Under [the] AEDPA, if there is no 'clearly established Federal law, as determined by the Supreme Court' that supports a habeas petitioner's legal argument, the argument must fail."  *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005).  Accordingly, Petitioner's objection to the Magistrate Judge's decision on this issue is denied.

---

[4] The witnesses were Tavis Miller and Petitioner's girlfriend's mother.  The judge's allegedly offensive acknowledgment of their identifications of Petitioner appear at Trial Tr. II, ECF No. 10-6, PageID.277 and Trial Tr. III, ECF No. 10-7, PageID.296, respectively.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, I have examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's denial of Petitioner's claims would be debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

Moreover, although the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right—and the Court has noted that many of the issues Petitioner has raised are essentially frivolous—the Court does not find that any and every issue Petitioner might

raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, the Court does not certify that an appeal could not be taken in good faith.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation issued April 19, 2021 (ECF No. 17) is **APPROVED** and, as supplemented by this Order, **ADOPTED** as the Opinion of this Court, and Petitioner's objections (ECF No. 18) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will issue.


Dated:   September 9, 2021                         /s/ Janet T. Neff
                                                                Janet T. Neff
                                                                United States District Judge